UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION - BAY CITY

IN RE:

    GLEN C. DALTON                            Case No. 12-23471-dob
    and KELLY J. DALTON,                    Chapter 13 Proceeding
                 Debtors.                              Hon. Daniel S. Opperman
_____/

OPINION REGARDING OBJECTION OF THOMAS MCDONALD, CHAPTER 13
TRUSTEE, TO CLAIM NO. 10 OF DOW CHEMICAL EMPLOYEES CREDIT UNION

Introduction

Dow Chemical Employees Credit Union (the "Credit Union") filed Claim No. 10 with the Court seeking attorney fees of $1,760.00. The Chapter 13 Trustee, Thomas McDonald, (the "Trustee") objected to Claim No. 10 and the Credit Union responded to that objection. The Trustee argues that the fees sought by the Credit Union are not reasonable in that the attorney fees total $1,760.00 to collect an unsecured debt of $492.63. Moreover, the Trustee argues that the attorney for the Credit Union did not exercise reasonable billing judgment and did not demonstrate any good faith to eliminate unproductive time or reduced time. Finally, the Trustee argues that the facts and issues in this case are not difficult and do not justify payment of $1,760.00.

In response, the Credit Union denies that it acted unreasonably in this case and that the fees incurred were in relation to the unique facts of this matter. Also, the Credit Union points out instances where time was spent in Court by the attorney, but not charged to the Credit Union.

At the September 17, 2015, hearing regarding this matter, the Trustee cited Michigan case law requiring that in most instances the litigants pay their own attorney fees, unless a statute, court rule, or common law exception dictates otherwise. *Nemeth v. Abonmarche Dev., Inc.,* 457 Mich. 16, 37-43, 576 NW2d 641 (1998) and that if fees are assessed, the fees must be reasonable and are not necessarily the equivalent to the actual fees charged. *Zdrojewski v. Murphy*, 254 Mich. App. 50,

1

72; 657 NW2d 721 (2002). After hearing oral argument, the Court took this matter under advisement.

Findings of Fact

The Debtors, Glen and Kelly Dalton, (the "Debtors") filed a petition seeking relief under Chapter 13 of the Bankruptcy Code on December 5, 2012. At that time, the Debtors owed two obligations to the Credit Union: (1) a loan secured by a car; and (2) an unsecured Visa obligation. The Debtors' Chapter 13 Plan was confirmed on February 22, 2013, and was unremarkable, for purposes of this Opinion, until the Trustee filed a Motion to Dismiss the case on January 17, 2015, which the Debtors responded to on January 23, 2015. Shortly thereafter, the matter settled and an Order to File Amended Plan or Case Dismissed was filed on February 13, 2105, directing the Debtors to file an amended Chapter 13 Plan within 14 days or have their case dismissed.[1] At this time, as disclosed later, Mr. Dalton changed jobs and needed a dependable vehicle. As a result of this change, the Debtors earned more money to pay for the vehicle and fund their Chapter 13 Plan.

On March 5, 2015, the Debtors filed an Ex Parte Motion to Borrow Money to Purchase Vehicle, which sought the ex parte relief of approval of the loan for the Debtors to borrow money to acquire a vehicle. The Court did not sign the Order allowing this authority. The next day, on March 6, 2015, the Credit Union objected to the Motion to Borrow Money. Accordingly, the Court set this matter for hearing on March 19, 2015. At the March 19, 2015, hearing, and subsequent hearings, the Court was informed that the Debtors had taken steps to consummate the proposed loan

---

[1] The Debtors did not file an amended Chapter 13 Plan by February 27, 2015. Instead, the Debtors and the Trustee signed and filed a Stipulation on March 26, 2015, extending this deadline to April 30, 2015, and on March 27, 2015, the Court signed an Order setting that deadline. The Amended Chapter 13 Plan was filed on May 4, 2015. As detailed in this Opinion, the Court assumes the Debtors were distracted by other matters and the Trustee correctly recognized the Debtors' situation.

2

relationship and received delivery of the vehicle prior to the approval of the loan by the Court or the Trustee. On numerous occasions, specifically, March 20, 2015; April 9, 2015; May 7, 2015; and June 4, 2015, the Court heard statements of counsel and arguments regarding the appropriateness of the Debtors' action, the possible ability of the Credit Union to finance the acquisition of the vehicle, and proposal by the automobile dealership to ensure that unsecured creditors would be paid in full. As early as March 19, 2015, the Court directed the attorney for the Credit Union to inquire as to the ability of that entity to finance this transaction and to otherwise monitor the progress of the Debtors' efforts to act in compliance with the Bankruptcy Code. Likewise, the Trustee was charged with the duty to monitor this case and matter. By June 4, 2015, the necessary steps had been taken such that the Credit Union received payment and various pleadings were withdrawn.

On July 30, 2015, the Credit Union filed Claim No. 10 in the amount of $1,760.00 and noted that the basis for the claim was supplemental fees in regard to the Visa card account held by the Credit Union and the Debtor, Kelly Dalton. In regard to attorney fees, the agreement states:

> J. Cardholder agrees to pay all costs incurred by Issuer in collecting Cardholder's indebtedness or in enforcing this agreement, including reasonable attorney's fees and also those costs, expenses and attorney's fees incurred in appellate, bankruptcy and post-judgment proceedings, except to the extent such costs, fees or expenses are prohibited by law.

<u>Jurisdiction</u>

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157, 28 U.S.C. § 1334, and E.D. Mich. LR 83.50. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate).

Analysis

The Trustee is correct that the so-called "American Rule" holds that each side pays its own attorney fees. *Nemeth v. Abonmarche Dev., Inc.*, 457 Mich. 16 (1998). The United States Supreme Court, as recently as June 2015, has reaffirmed this rule. Baker Botts L.L.P. v ASARCO LLC ----U.S.----,135 S.Ct. 2158, 2169, 192 L.Ed.2d 208 (2015). Here, the agreement between Kelly Dalton and the Credit Union allows for the recovery of attorney fees.

As the fees, by contract, have shifted in this case, the next question is whether the fees are reasonable under the circumstances. If this case was a routine case, the answer would be "no." It would not be reasonable for any entity or individual to agree to pay $1,760.00 to recover approximately $500.00. Absent unusual circumstances, such fees would not be requested, considered, or awarded.

This case, however, is not a routine case. As argued by the Credit Union, the Debtors were experiencing serious financial challenges in the winter of 2014 and early 2015. The Trustee filed a Motion to Dismiss because of the lack of payments, and the Debtors, after responding, were given time to either modify their plan or have their case dismissed. At approximately the same time, Mr. Dalton obtained different employment and needed another vehicle. This new employment apparently required a different vehicle, and the Debtors obtained that vehicle, all without approval of either the Trustee or this Court and in derogation of their confirmed Chapter 13 Plan. Once this became apparent to the Court, the Court directed the Credit Union to explore the possibility of lending the necessary monies to the Debtors to possibly salvage the Debtors' Chapter 13 Plan and Mr. Dalton's employment, and also retain possession of the vehicle. As it turned out, the Credit Union's monies were not needed to resolve this matter, but that was not known until June 9, 2015.

4

Reviewing the entries closely, the Court first notes that the hourly rate charged by the attorney for the Credit Union is $160.00 and, as argued by the attorney for the Credit Union, is significantly less than the $250.00 - $300.00 per hour rate approved by this Court. The hourly rate, therefore, is clearly reasonable, and, if anything, too low for these services.

As for the time spent, the Court divides the time into two sections: services performed before March 6, 2015 - March 19, 2015, when, for the first time, the Court learned that the Debtors had obtained the vehicle without approval; and services performed from March 20, 2015 - June 9, 2015. As for the first time period, the Court, after close review of the time entries, concludes that the attorney for the Credit Union spent the appropriate amount of time to review the Ex Parte Motion to Borrow Money, consult with his client, and then file an objection. As for the time after March 19, 2015, the Court concludes that the majority of this time was at the behest, if not the express direction of, this Court. This Court directed the attorney for the Credit Union to take certain action because of the unique and distressing circumstances regarding the Debtors' actions. As this Court directed the attorney for the Credit Union to take this action, this Court will not then second guess those actions.

The Court has considered the appropriateness of the Debtors, and by extension, the creditors of the Debtors, paying for these attorney fees. First, the Court notes that the other active and interested party in this case, namely the Trustee, receives a statutory fee in this case that was more than well earned. Given the nature of this matter and the services provided by the attorney for the Credit Union, the Court finds that this service was of a benefit to all in this case, as well as for other cases. Second, 28 U.S.C. § 1927 allows the Court to order an attorney or other person admitted to conduct cases to satisfy excess costs, expenses, and attorneys' fees reasonably incurred because of

5

unreasonable and vexatious conduct. Here, there is no evidence that Debtors' counsel engaged in any such conduct, but there is sufficient evidence that the Debtors did have a major role in causing the Credit Union's expenses and costs to increase. While 28 U.S.C. § 1927 is not directly applicable, it does guide the Court in this case, especially when the Debtors did not advise their counsel of the actual status of the loan and possession of the vehicle immediately. This course of action certainly suggests that the Debtors, and not their attorney, were conducting this portion of their case. Finally, the Court notes that if the Debtors need to either have their Chapter 13 Plan extended or pay more money into their Chapter 13 Plan, then that appears appropriate given that the Debtors themselves caused the problems in this case to begin with in that the Debtors consummated a transaction without approval of the Trustee or the Court.

For these reasons, the Court overrules the objection of the Chapter 13 Trustee and allows the Proof of Claim No. 10 in the amount of $1,760.00 of the Dow Chemical Employees Credit Union to stand as an allowed claim.

Counsel for the Dow Chemical Employees Credit Union is instructed to prepare an order consistent with this Opinion and the presentment of order procedures of this Court.

**Not for Publication**

```
Signed on November 30, 2015
                                             /s/ Daniel S. Opperman
                                        Daniel S. Opperman
                                        United States Bankruptcy Judge
```